UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CAMILLE CAMPBELL                                  :
                                                  :
                          Plaintiff,              :
                                                  :         REPORT AND
         -against-                                :         RECOMMENDATION
                                                  :
UBER TECHNOLOGIES INC., STERLING                  :         22-CV-1247 (DG)(MMH)
MANAGEMENT SERVICES 123 INC., STERLING            :
MANAGEMENT SERVICES INC., and JOHN DOE,           :
                                                  :
                          Defendants.             :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

  Defendant Uber Technologies Inc. ("Uber") removed this personal injury action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. (*See generally* Notice of Removal ("Notice"), ECF No. 1.)[1] Plaintiff seeks remand and attorney's fees, pursuant to 28 U.S.C. § 1447(c). (*See generally* Mot., ECF No. 11.) The Honorable Diane Gujarati referred Plaintiff's motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion for remand should be **granted** and the motion for attorney's fees should be **denied**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

I.  **BACKGROUND**

This action arises from a claim for personal injuries Plaintiff allegedly sustained on March 9, 2019. (*See* Notice, ECF No. 1 at 2.) As set forth below, Plaintiff subsequently filed two negligence actions in state court against multiple defendants, including Uber.

First, Plaintiff sued Ayomide P. Awoyinfa, Wheel NY LLC ("Wheel"), John Doe, and Sterling Management Services III, Inc. ("Sterling III") in the Supreme Court of the State of New York in Kings County on December 22, 2020.[2] (*See generally* Compl., *Campbell v. Awoyinfa*, Index No. 525682/2020 (N.Y. Sup. Ct.) ("*Campbell I*"), ECF No. 1-1.) As alleged in the *Campbell I* complaint, on the date of the incident, Awoyinfa operated a 2018 Toyota vehicle in which Plaintiff was a passenger, while Wheel owned the car. (*Id.* at 5.)[3] The John Doe defendant operated a 2018 Volvo vehicle registered to Sterling III, a New York domestic corporation with its principal place of business at 915 East 27th Street, Brooklyn, New York 11210 (the "Brooklyn Address"). (*Id.* at 5–6.) Wheel's Toyota, with Awoyinfa driving and Plaintiff as a passenger, collided with Sterling III's Volvo, which was double-parked, causing Plaintiff serious injuries. (*Id.* at 6–8.)

On February 3, 2022, Plaintiff moved to amend the *Campbell I* complaint to add Uber, Sterling Management Services 123 Inc. ("Sterling 123"), and Sterling Management Services

---

[2] At the time of filing, Plaintiff was represented by the law firm of Helen F. Dalton & Associates. (*Campbell I* Compl., ECF No. 1-1 at 9.) In August 2021, Harris/Law, Plaintiff's counsel in this federal action, substituted as counsel in *Campbell I*. (ECF No. 11-3 at 1.)

[3] The Court cites to the ECF pages of the *Campbell I* complaint because the paragraph numbers duplicate themselves. (*See, e.g.*, *Campbell I* Compl., ECF No. 1-1 at 4–5 (listing paragraphs 1 through 10, then re-starting at paragraph 3).)

2

Inc. ("Sterling") as defendants. (*See Campbell I* Aff. in Supp. of Mot., ECF No. 1-5 at 2–3.)[4] According to Plaintiff, amendment was warranted because Awoyinfa had been operating as an Uber driver at the time of the collision, and Sterling 123 and Sterling were "affiliated with and/or subsidiaries of the named defendant [Sterling III]" who should be parties to the case. (*Id.* at 4–5.)

Less than one week later, on February 9, 2022, Plaintiff filed a second action in Kings County Supreme Court, this time against Uber, Sterling 123, Sterling, and John Doe. (*See generally* Compl., *Campbell v. Uber Techs. Inc.*, Index No. 505055/2022 (N.Y. Sup. Ct.) ("*Campbell II*"), ECF No. 1-2.) Plaintiff alleged that Sterling 123's principal place of business was the Brooklyn Address, as she had alleged for Sterling III in *Campbell I*.[5] (*Id.* ¶¶ 9–10.) However, Plaintiff alleged that Sterling's principal place of business was 117-14 133rd Street, South Ozone Park, New York 11420. (*Id.* ¶¶ 11–12.) Plaintiff reiterated the substantive allegations from *Campbell I*, adding that Uber "owned" the Toyota that Awoyinfa drove and

---

[4] To date, Sterling III has not answered or appeared in *Campbell I*. (*See Campbell I* Affirmation, ECF No. 1-5 at 3 n.1.)

[5] The *Campbell II* complaint alleges Sterling 123's principal place of business as "**1915** East 27th Street, Brooklyn, NY 11210." (*Campbell II* Compl., ECF No. 1-2 ¶¶ 9–10.) This appears to be a typo because, according to the New York State Department of State, Division of Business Corporations, Sterling 123's business address is "**915** East 27th Street." (Pl.'s Mot. Ex. D, ECF No. 11-6 at 3 (printout of Sterling 123's entity information).)

3

that he operated the vehicle with Uber's consent and knowledge. (*Id.* ¶¶ 16–17.) Plaintiff further alleged that Sterling 123 and Sterling also owned the Volvo. (*Id.* ¶¶ 25, 29, 32.)

Uber removed *Campbell II* on March 8, 2022, based on diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice, ECF No. 1.)[6] On April 1, 2022, Plaintiff requested a premotion conference, seeking to remand this action back to state court, which Uber opposed. (ECF Nos. 12–13.) After the parties appeared for a conference, the Court ordered additional briefing. (*See generally* Aug. 24, 2022 Tr., ECF No. 18.) The motion to remand was referred for report and recommendation. (Oct. 28, 2022 Order.)[7]

## II. DISCUSSION

### A. Standard on Motion to Remand

Title 28 U.S.C. § 1447(c) authorizes a federal court to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." *Portville Truck & Auto Repair, Inc. v. Mack Trucks, Inc.*, No. 19-CV-1045 (EAW), 2020 WL 419716, at *2 (W.D.N.Y. Jan. 27, 2020) (quoting *Farge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994)). "The party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Pate v.*

---

[6] The same day, Uber filed its opposition to Plaintiff's motion to amend the *Campbell I* complaint, arguing that Plaintiff's identical claims in this federal action precluded further litigation in *Campbell I*. (*See Campbell I* Aff. in Opp'n to Mot., Ex. D, ECF No. 20-5 at 2–5.)

[7] After the motion briefing, the *Campbell I* court denied Plaintiff's motion to amend the *Campbell I* complaint in part because Plaintiff's request to add Uber, Sterling 123, and Sterling as defendants in *Campbell I* "appears to be an attempt to thwart the prior removal" of *Campbell II* to federal court. (*See* Decision & Order, *Campbell I*, NYSCEF Doc. No. 39 at 2 (citing N.Y. C.P.L.R. § 3211(a)(4).) This ruling does not affect the Court's analysis here because the "time-of-filing rule . . . measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing" regardless of when jurisdiction is challenged. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).

4

*City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (cleaned up).  A court should resolve any doubts as to removability in favor of remand.  *Id.* (quotation marks omitted); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) ("Because 'statutory procedures for removal are to be strictly construed,' we 'resolv[e] any doubts against removability.").

### B. Diversity Jurisdiction

A defendant may remove a suit filed in state court to federal court if the district court has original jurisdiction.  28 U.S.C. § 1441(a); *Taylor*, 15 F.4th at 150.  A district court has original jurisdiction over a civil action when the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  "'For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business.'"  *Jerido v. Uber Techs., Inc.*, No. 22-CV-2217 (KPF), 2022 WL 17986179, at *3 (S.D.N.Y. Dec. 29, 2022) (quoting *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012)).  The party seeking to sustain the removal bears the burden of demonstrating that removal was proper.  *E.g.*, *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (cleaned up); *see Blockbuster Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

Here, the parties do not dispute that the removal was timely or that the amount in controversy exceeds $75,000.[8]  As to the disputed issue of diverse citizenship, all proper parties

---

[8] The Court finds that these requirements for removal are satisfied. Uber filed the notice of removal on March 8, 2022, one day after receiving an email from Plaintiff demanding $400,000 in damages. (*See* ECF No. 1; ECF No. 1-6 at 2.)  Thus, Uber removed the case within 30 days of receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable," based on an amount in controversy greater than $75,000.  28 U.S.C. § 1446(b); *id.* § 1332(a).

5

in this action, as alleged in the *Campbell II* complaint, are not diverse.[9]  Plaintiff is a resident and therefore a citizen of New York. (Notice, ECF No. 1 ¶ 7.)  Uber is a Delaware corporation with its principal place of business in California. (Notice, ECF No. 1 ¶ 8.).  Sterling 123 is a New York corporation with its principal place of business at the Brooklyn Address. (*Campbell II* Compl., ECF No 1-2 ¶¶ 9–10.)  Sterling is also a New York corporation with its principal place of business in Queens, New York. (*Id.* ¶¶ 11–12.)  Because Plaintiff and two defendants are citizens of New York, diversity is defeated. *Portville Truck*, 2020 WL 419716, at *3.

### C. Fraudulent Joinder

Uber argues, however, that Sterling 123 and Sterling's citizenship is irrelevant because they were fraudulently joined to defeat diversity jurisdiction. (Def. Mem., ECF No. 19 at 9–14.)  The Court disagrees.

"Fraudulent joinder is a legal term of art used to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction." *Portville Truck*, 2020 WL 419716, at *3 (cleaned up).  "A plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the matter." *Butler v. Cigarette Realty Co.*, No. 15-CV-5646 (DLI)(CLP), 2015 WL 7568645, at *2 (E.D.N.Y. Nov. 24, 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011)) (quotation marks omitted).  Therefore, the defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in plaintiff's pleadings, or that there is no possibility,

---

[9] The Court does not consider the citizenship of the John Doe defendant because "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . . , the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

6

based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Mallek v. Allstate Indem. Co.*, No. 17-CV-5949 (KAM)(SJB), 2018 WL 3635060, at *3 (E.D.N.Y. Mar. 12, 2018) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)) (quotation marks omitted), *adopted by* 2018 WL 3629596 (E.D.N.Y. July 31, 2018).

"[A] removing party's burden of establishing fraudulent joinder is a heavy one, 'with all factual and legal ambiguities resolved in favor of plaintiff.'" *Desena v. Target Corp.*, No. 21-CV-2090 (JS)(JMW), 2022 WL 1085436, at *3 (E.D.N.Y. Mar. 16, 2022) (quoting *Briarpatch Ltd., L.P., v. Phx. Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004)), *adopted by* 2022 WL 969751 (E.D.N.Y. Mar. 31, 2022). "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is no possibility of recovery is such a finding warranted." *See, e.g.*, *Castillo v. BJ's Wholesale Club*, No. 22-CV-1621 (KAM)(RLM), 2022 WL 17284794, at *3 (E.D.N.Y. Nov. 29, 2022) (cleaned up). "If a removing defendant cannot prove fraudulent joinder, the federal court does not have proper subject matter jurisdiction over the matter, and the case must be remanded to state court." *Id.*

Uber has not satisfied its burden to prove, by clear and convincing evidence, that there is no plausible cause of action against Sterling 123 and Sterling.[10] *Butler*, 2015 WL 7568645, at *3 (citing *Pampillonia*, 138 F.3d at 461); *Castillo*, 2022 WL 17284794, at *3. First, Uber argues that the claims against Sterling 123 and Sterling in *Campbell II* are subject to dismissal under the "prior pending action doctrine." (Def. Mem., ECF No. 19 at 9–10 (citing N.Y. C.P.L.R. § 3211(a)(4)).) In New York, "[a] party may move for judgment dismissing one or

---

[10] Uber does not assert outright fraud in the pleadings. (*See* Def. Mem., ECF No. 19 at 9–15.)

7

more causes of action asserted against him on the ground that . . . there is another action pending between the same parties for the same cause of action in a court of any state or the United States." N.Y. C.P.L.R. § 3211(a)(4). "[T]he court need not dismiss upon this ground but *may* make such order as justice requires." *Id.* (emphasis added). Such permissive language does not guarantee outright dismissal of claims against Sterling 123 and Sterling, as Uber suggests. Further, "the mere likelihood that a court would dismiss the case under these circumstances . . . is insufficient to pass the clear and convincing bar under Second Circuit precedent." *Jerido*, 2022 WL 17986179, at *7 (rejecting Uber's prior pending action doctrine argument in similar circumstances).

Uber also claims that Sterling III, the defendant in *Campbell I*, is the only proper defendant, relying on the police report listing the Volvo as registered to "Sterling Management Services." (Def. Mem., ECF No. 19 at 10-11; Notice Ex. D, ECF No. 1-4 at 2.) But the police report is unclear regarding whether Sterling III, Sterling 123, or Sterling owns the Volvo, because the words "Sterling Management Services" occupy the entire text box on the report, with no room for another part of an entity name (i.e., "III", "123", or "Inc.") that could identify the true owner. Moreover, under New York law, ownership of a vehicle may be established by registration ownership or by holding title. *See Walker v. Town of Webster*, 153 N.Y.S.3d 322, 323 (2021) (finding conflicting evidence of vehicle ownership where vehicle was registered to one party but titled to another). As such, the fact that "Sterling Management Services" is stated on the registration does not preclude another entity from owning the Volvo, either instead of or with one or more of the Sterling defendants. The factual ambiguity surrounding which Sterling entity owns the Volvo is not "clear and convincing evidence" sufficient to meet Uber's burden to prove fraudulent joinder. Instead, this factual ambiguity

8

must be resolved in Plaintiff's favor. *Butler*, 2015 WL 7568645, at *4. As a result, this Court finds that Plaintiff had a basis to name Sterling and Sterling 123 as defendants in *Campbell II*.

Further, the Court cannot say that "there is no possibility, based on the pleadings, that [Plaintiff] can state a cause of action against [Sterling 123 and Sterling] in state court." *Pampillonia*, 138 F.3d at 461. Because a New York court would hear Plaintiff's claims if remanded, the claims are entitled to a liberal construction. *Portville Truck*, 2020 WL 419716, at *3 (citing *Nonnon v. City of New York*, 9 N.Y.3d 825, 827 (2007)). In *Campbell II*, Plaintiff asserts negligence claims based on injuries suffered during a car collision, where Sterling 123 and Sterling are the alleged owners. (Notice Ex. B, ECF No. 1-2 ¶¶ 28, 31 (alleging that the "John Doe" defendant operated the Volvo "with full knowledge, consent and approval of the owner[s]" Sterling 123 and Sterling); *id.* ¶ 35 (defendants "were negligent in the ownership, management, maintenance and/or control of their motor vehicles as to cause same to crash into and collide with one another"; *id.* ¶¶ 39–41 (describing Plaintiff's "serious injuries" and "economic loss" resulting from the collision.) "New York's liberal pleading rules require only that a plaintiff provide at least basic information concerning the nature of a plaintiff's claim and the relief sought." *Butler*, 2015 WL 7568645, at *4 (citing cases). "The essence of the fraudulent joinder inquiry is whether all possibility of a cause of action against the non-diverse defendant has been foreclosed. That is not the case here, particularly when the court is bound to resolve all factual issues and ambiguities in the plaintiff's favor." *Castillo*, 2022 WL 17284794, at *6. Therefore, Plaintiff states a plausible cause of action for negligence against Sterling 123 and Sterling in state court.

In sum, Uber has failed to meet its heavy burden to establish fraudulent joinder of Sterling and Sterling 123, there is not complete diversity among the parties, and the Court lacks

subject matter jurisdiction. *See, e.g.*, *id.* at *3; *Butler*, 2015 WL 7568645, at *4. Accordingly, the Court respectfully recommends that this case should be remanded to state court.[11]

### D.    Costs and Fees

A district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

"A basis for removal is 'objectively reasonable' if the removing party had a colorable argument that removal was proper." *Bisesto v. Uher*, No. 19-CV-1678 (KMK), 2019 WL 2537452, at *6 (S.D.N.Y. June 20, 2019) (quoting *In re Standard & Poor's Rating Agency Litig.*, 23 F. Supp. 3d 378, 407 (S.D.N.Y. 2014)) (quotation marks omitted) (denying request for attorney's fees upon finding that defendant had "a colorable argument that removal was proper"). "A district court need not find that the removal was done in bad faith to award attorney's fees." *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-CV-

---

[11] The Court need not reach Plaintiff's argument that removal is procedurally defective. (*See* Pl.'s Mem., ECF No. 11-1 at 9–11.) Specifically, Plaintiff claims that Uber violated the "rule of unanimity"—i.e., that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446; *Taylor*, 15 F.4th at 150. Here, where there is not complete diversity between Plaintiff and the proper defendants Sterling 123 and Sterling, these defendants' consent to removal is immaterial.

7787 (VM), 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023) (citing *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992)).

Here, Uber had a colorable argument that removal was proper: Plaintiff and Uber are diverse citizens, which would be sufficient for diversity jurisdiction if the non-appearing defendants were not considered. *See Bisesto*, 2019 WL 2537452, at *6. Because Uber had an "objectively reasonable" basis for removal, the Court respectfully recommends that Plaintiff's request for attorney's fees and costs should be **denied**.

### III. CONCLUSION

This Court respectfully recommends that the motion to remand should be **granted** and that the case should be remanded to New York Supreme Court, Kings County, under Index Number 54055/2022. The Court further respectfully recommends that the motion for attorney's fees and costs should be **denied**.

A copy of this Report and Recommendation is being served on counsel for all appearing parties via ECF. Plaintiff shall serve a copy of this Report and Recommendation to all non-appearing defendants using all known contact information and shall file proof of service by **March 29, 2023.**

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Gujarati. If a

party fails to object timely to this Report and Recommendation, that party waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 28, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge